TOOF (MARTIN v.).  See Case No. 9,167.

## Case No. 14,096.

### In re TOOKER.

[8 Ben. 390; 14 N. B. R. 35; 23 Pittsb. Leg. J. 185, 196.] [2]

District Court, E. D. New York.  Feb., 1876.

BANKRUPTCY — ENFORCEMENT OF RESOLUTION OF COMPOSITION—JUDGMENT.

The provisions of the bankrupt act [of 1874 (18 Stat. 178)], as to the enforcement by the court of the provisions of any composition, cannot be invoked to compel a creditor to accept a composition heretofore proposed and accepted, and to enjoin the creditor from taking steps to collect his claim, where the creditor has been permitted to take a judgment by default for the full amount of his claim, the bankruptcy proceedings not being set up as a defence, in an action in a court of the state in which an order of arrest has been granted upon allegation of fraud.  The bankruptcy court cannot be asked to interfere to give effect to a resolution of composition, where it would not interfere to give effect to a discharge.

[Cited in Re Hinsdale, Case No. 6,526.]

[In the matter of Samuel B. Tooker, a bankrupt.]

Childs & Hull, for bankrupt.

Henry H. Rice, for creditor.

BENEDICT, District Judge.  This is an application to compel a creditor of the bankrupt above named to accept a composition, heretofore adopted and duly recorded as required by law, and for an injunction to restrain all proceedings of such creditor to collect his debt.  It appears that this creditor has been permitted to take a judgment against the bankrupt, by default, for the full amount of his claim, in an action brought in the court of the state in which an order of arrest had been granted upon allegations of fraud.  Consequently the bankrupt is now liable to be arrested on final process in said action.  Wherefore he now prays for the interference of this court, and bases his application upon the provision of the bankruptcy act of June, 1874, which declares that "the provisions of any composition made in pursuance of this section may be enforced by the court on motion made in a summary manner by any person interested."

I am of the opinion that the provision relied on does not entitle the bankrupt to the interference of this court which is here sought.  It cannot be supposed that it was the intention of the legislature that a resolution of composition should be more effective than an absolute discharge, or that the bankruptcy court should be asked to interfere for the purpose of giving effect to a resolution of composition, when it would not interfere to give effect to a discharge.  If this bankrupt had been discharged, it would have been incumbent upon him to have pleaded his discharge, and so receive the benefit of it, at the hand of any court before which he might have been summoned.  A composition can be in the same manner pleaded; and, when so pleaded, its legal effect is the same in the tribunals of the state as in the national tribunals.  If, therefore, this bankrupt desired to have the benefit of his composition proceedings in the action brought against him, he should have there set up such proceedings, and if it was in law sufficient to relieve him as to the debt for which he is sued, his composition would then have been given its due effect.  Instead of pursuing this course he has allowed judgment to be taken against him without any objection, and now asks to be protected therefrom by the summary order of this court.  The provision in the bankrupt law relied on can be given effect, without holding that it entitles

---

[1] [Reprinted from 13 N. B. R. 170, by permission.]

[2] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.  23 Pittsb. Leg. J. 185, 196, contains only a partial report.]

the bankrupt to the interference of this court under circumstances like those disclosed in this case. And I am of the opinion that it does not give the bankrupt the right to ask at the hands of this court the relief here sought. A similar conclusion has been reached by Judge Blatchford, as I am informed.

The present application must therefore be dismissed for the reason stated, without passing upon the question as to the effect of a resolution of composition upon a cause of action tainted with fraud.